KELVIN LOVE
#09677-035
FEDERAL CORRECTIONAL INSTITUTION
VERNON 1
P.O. BOX 5000
OAKDALE, LOUISIANA 71463

**RECEIVED**

FEB 15 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07-68 RMU

TO: THE CLERK'S OFFICE

Enclosed are copies of the DISTRICT COURT and the APPEAL'S COURT decision's and order's. Also I sent three copies to this court but only received a copy of the petition in return. If you would please forward me the copy I would greatly appericate it. THANK YOU FOR YOUR TIME AND EFFORT.

SINCERELY,

*Kelvin Love*
KELVIN LOVE #09677-035

FEBUARY 9,2007   org

```
             IN THE UNITED STATES COURT OF APPEALS
                     FOR THE FIFTH CIRCUIT
```

U.S. COURT OF APPEALS
FILED
FEB 11 1999
CHARLES R. FULBRUGE III
CLERK

```
                         No. 98-30569
                      Conference Calendar
```

UNITED STATES OF AMERICA,

                                Plaintiff-Appellee,

versus

KEVIN LOVE, also known as Kelvin Love,

                                Defendant-Appellant.

              - - - - - - - - - -
        Appeal from the United States District Court
          for the Western District of Louisiana
              USDC No. 97-CR-10008-ALL
              - - - - - - - - - -

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

    Kevin Love appeals his sentence after pleading guilty to possession of cocaine base and cocaine hydrochloride with intent to distribute. He contends that the district court erred in imposing a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. After reviewing the record

---

    [*] This matter is being decided by a quorum. 28 U.S.C. § 46(d).

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.
-2-

and the briefs of the parties, we hold that the district court did not clearly err in imposing the two-level enhancement. <u>See</u> <u>United States v. Lee</u>, 989 F.2d 180, 183 (5th Cir. 1993).

    AFFIRMED.



UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8/14/00
BY _____

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 00-0244 |
| -vs- | CRIMINAL NO. 97-10008 |
| KELVIN LOVE | SECTION "P" (JUDGE LITTLE) |

### MEMORANDUM OPINION

Before the court is inmate Love's petition for habeas relief. For the following reasons, this motion is denied.

### BACKGROUND

On 2 October 1995, law enforcement officers in Alexandria, Louisiana received information that the petitioner was converting cocaine powder into crack cocaine at his residence. As a result of this information, a search warrant was issued. Before the search warrant was issued, the defendant was observed leaving the apartment with a bag which he placed in the trunk of his car. When the officers attempted to stop the defendant for a traffic violation, the defendant fled. He then hit a tree or pole in a residential area and fled on foot with the bag. He attempted to discard the bag; it was recovered and contained nine large pieces of



SCANNED

crack cocaine. He was apprehended and his apartment was searched. The apartment also contained sizeable quantities of cocaine powder and crack cocaine. The net weight of all of the crack cocaine found was determined to be 2,777.4 grams. He had 100 grams of cocaine powder.

On 27 February 1997, a federal grand jury returned a one-count indictment against petitioner Kelvin Love, charging him with possession with intent to distribute more than fifty grams of cocaine base ("crack cocaine") and cocaine hydrochloride ("cocaine powder") in violation of 21 U.S.C. § 841(a)(1). On 25 February 1998, petitioner pled guilty. On 22 May 1998, petitioner was sentenced to 264 months imprisonment and ordered to pay a fine of $30,000. The Fifth Circuit affirmed this judgment. *See United States of America v. Kelvin Love*, No.98-30569 (5th Cir. 5 Mar. 1999).

Petitioner filed the instant petition for habeas relief on 9 February 2000, arguing that he suffered from ineffective assistance of counsel and that this fact should vitiate his guilty plea.

## LAW AND APPLICATION

By pleading guilty to the offense he was charged, petitioner waived any defense based on non-jurisdictional defects in the proceedings. *See United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). A defense based on ineffective assistance of counsel is viable only insofar as it

relates to the voluntariness of the guilty plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). In order to demonstrate ineffective assistance of counsel, petitioner must prove "that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In addition, the attorney's errors must fall beneath an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 689-94 (1984).

Petitioner suggests a number of errors committed by his counsel. First, petitioner's counsel allegedly failed to pursue a motion to suppress the evidence recovered. In fact, counsel filed the motion to suppress but withdrew it on the day of the hearing, saying in court that there were no "valid grounds" for it. Attached to the motion to withdraw is a sworn statement from the petitioner indicating that this withdrawal was done with his voluntary consent. Petitioner provides no evidence to combat that sworn statement.

Second, petitioner alleges that counsel failed to pursue evidence of "outrageous government conduct." Petitioner claims that the government coerced a witness into not testifying on his behalf. His love interest, Katrice Lewis, was identified by law enforcement officers to be the source of information about petitioner's drug activities. Petitioner argues that she would have testified that she was not the

3

source of the information (which turned out to be highly accurate) but that governmental officials allegedly threatened that they would take her children away if she did. Such allegations require more than an affidavit from his love interest to merit serious consideration. He provides no corroboration for this tale and it is understandable while his lawyer did not present it to the court.

Petitioner then argues that counsel rendered ineffective assistance of counsel by failing to submit a motion to withdraw his guilty plea. Petitioner offers no reason why this court would have granted such a motion to withdraw. Petitioner should understand that his counsel cannot file baseless motions in court at petitioner's whim. They must have some foundation. Moreover, this court is disinclined to grant such motions when the petitioner derives a benefit from the plea agreement and when the plea is knowing and voluntary, which it was in this case.

Lastly, petitioner argues that his counsel was ineffective in that he failed to object at sentencing to the classification of the substance with which he was found to be crack cocaine. He suggests that the cocaine base does not have to be of the "crack" variety. He is correct, however, as Agent Larry Coutee testified at the change of plea hearing, the confiscated drugs were taken to lab for analysis and they were determined to be crack cocaine. Counsel was not

ineffective for failing to object to the true characterization of the confiscated drugs.

### CONCLUSION

For the foregoing reasons, inmate Love's petition is denied and dismissed. A separate judgment shall issue this date.

Alexandria, Louisiana

14 August 2000

_____
F. A. LITTLE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

COPY SENT:
DATE: 8-15-00
BY: CW
TO: C. Walker
    Hallet
    Love

COPY SENT:
DATE: 8-14-00
BY: mel
TO: FAC
    alex office

5

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

**FILED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8/14/00
BY _____

UNITED STATES OF AMERICA

-vs-

KELVIN LOVE

CIVIL ACTION NO. 00-0244
CRIMINAL NO. 97-10008

SECTION "P" (JUDGE LITTLE)

## JUDGMENT

Before the court is inmate Love's petition for habeas relief. For the reasons stated in the Memorandum Opinion issued separately this date, his petition is DENIED and DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

14 August 2000

_____
F. A. LITTLE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

JUDGMENT ENTERED
August 15, 2000
BY _____
COPY C. Walker
       Gallot
       Love



SCANNED

(58)

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

KELVIN LOVE

CIVIL ACTION NO. 1:97CR10008
JUDGE LITTLE
MAG. JUDGE KIRK

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8/28/00
BY ___

### ORDER

Considering the foregoing Motion to Reconsider,

Is denied

THUS DONE AND SIGNED at Alexandria, LA, on this 28 day of August, 2000.

_____
F. A. Little, Jr.
Chief United States District Judge

COPY SENT:
DATE: 8-29-00
BY:
TO: cw

Uebinger
walka
Small      USM
Ricardo    USPO
Gallot
K. Love

SCANNED

189

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-31210
USDC No. 97-CR-10008-ALL

U.S. COURT OF APPEALS
FILED
'JAN 3 1 2001

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LOVE, also known as Kelvin Love,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

O R D E R:

Kevin Love, federal prisoner # 09677-035, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Love argues that his guilty plea was involuntary because, at rearraignment, the district court did not comply with Fed. R. Crim. P. 11 by fully explaining the nature of the charges against him and the effect of supervised release. He contends that his counsel was ineffective for failing to adequately pursue a motion to suppress, for failing to object to the Government's alleged outrageous conduct, and for failing to file a motion to withdraw the guilty plea. He contends that the district court procedurally erred by not holding an evidentiary hearing on his

ORDER
No. 00-31210
- 2 -

28 U.S.C. § 2255 motion. He does not renew on appeal his argument that counsel was ineffective for failing to object to the characterization of the drugs for which he was convicted as "crack", and thus that argument is deemed abandoned. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999), cert. denied, 120 S. Ct. 1003 (2000).

To obtain a COA, Love must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requires Love to demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). When the district court's denial of habeas relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the [28 U.S.C. § 2255 motion] states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Love has not made the requisite showing. COA is DENIED.

_____
EDITH H. JONES
UNITED STATES CIRCUIT JUDGE

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30217

IN RE: KEVIN LOVE,

Movant.

U.S. COURT OF APPEALS
**FILED**
MAY 2 4 2004
CHARLES R. FULBRUGE III
CLERK

Motion for an order authorizing
the United States District Court for the Western
District of Louisiana to consider
a successive 28 U.S.C. § 2255 motion

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:

IT IS ORDERED

Kevin Love, federal prisoner # 09677-035, seeks leave to file a second or successive 28 U.S.C. § 2255 motion to challenge his conviction and 264-month term of imprisonment for possession with intent to distribute cocaine base and cocaine hydrochloride. Careful review of Love's claims reveals that he has failed to satisfy the standards for filing a successive 28 U.S.C. § 2255 motion. Love has not made a prima facie showing that his claims involve either a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or newly discovered evidence that, if proven, would be sufficient to establish that no reasonable

O R D E R
No. 04-30217
-2-

factfinder would have found him guilty of the offense of conviction by clear and convincing evidence.  28 U.S.C. § 2255.

Accordingly, Love's motion for authorization to file a successive 28 U.S.C. § 2255 motion is DENIED.

O R D E R
No. 04-30217

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

AUG 2 0 2004

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES OF AMERICA

-vs-

KELVIN LOVE

CR. NO.97-10008

SECTION "A" (JUDGE LITTLE)

### RULING

Defendant's motion is denied. Defendant has had all the process to which he is entitled.

Alexandria, Louisiana

19 August 2004

F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE



207

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
SHREVEPORT, LOUISIANA
DATE 2-24-05

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30939
USDC No. 1:00-CV-244-FAL-JDK
USDC No. 1:97-CR-10008-ALL-FA

U. S. COURT OF APPEALS
FILED
FEB 2 2 2005
CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

KEVIN LOVE, also known as Kelvin Love,

                    Defendant-Appellant.

--------------------------

Appeal from the United States District Court
for the Western District of Louisiana

--------------------------

O R D E R:

    Kevin Love, federal prisoner # 09677-035, seeks a certificate of appealability ("COA") to appeal the district court's denial of his FED. R. CIV. P. 60(b) motion for relief from the judgment denying his 28 U.S.C. § 2255 motion attacking his guilty-plea conviction of possession with intent to distribute cocaine base and cocaine hydrochloride.

    Love may not receive a COA unless he makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). In order to obtain a COA the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or

223

ORDER
No. 04-30939
- 2 -

wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the denial of relief is on procedural grounds, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Love argues that a COA should issue because, in denying relief on his 28 U.S.C. § 2255 motion, the district court did not address his claim that his guilty plea was involuntary. He contends that his guilty plea was not knowingly and intelligently entered because he was not advised, prior to the entry of his plea, that he was waiving his constitutional rights. Love also contends that his counsel did not review the plea agreement with him and that counsel concealed certain commitments contained in the plea agreement.

Love has not made the requisite showing for a COA. See Slack, 529 U.S. at 484. Accordingly, his request for a COA is DENIED.

A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____ Deputy
New Orleans, Louisiana

_____
EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE

224

RECEIVED IN ALEXANDRIA, LA
NOV 21 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

-vs-

KEVIN LOVE

CR. ACTION NO.97-10008

SECTION "A" (JUDGE LITTLE)

### RULING

Defendant's motion for leave to amend a 28 U.S.C. § 2255 motion is denied. The motion to be amended has long since been denied. It is a successive motion. This court has no jurisdiction to consider the motion, absent authorization from the appellate court. 28 U.S.C. § 2244(b)(3)(a) and § 2255.

Alexandria, Louisiana

21 November 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR97-10008 |
| VERSUS | |
| KEVIN LOVE | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

# J U D G M E N T

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that Love's Section 2255 motion is DISMISSED WITHOUT PREJUDICE for failure to obtain authorization from the Fifth Circuit prior to filing it in this court.

IT IS FURTHER ORDERED that the Clerk of this court is directed to notify Love (1) that he must file in the Fifth Circuit Court of Appeals a motion pursuant to Section 2244 within 30 days from the date of the Clerk's notice, and (2) if he fails to file such a motion within that time, an order will be entered denying authorization.

THUS ORDERED AND SIGNED in Chambers at ALEXANDRIA, Louisiana, on this 12TH day of JANUARY, 2007.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE