UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEVIN LOVE, | : | |
| | : | |
| Petitioner, | : | Civil Action No.: 07-0068 (RMU) |
| | : | |
| v. | : | |
| | : | |
| ALBERTO GONZALES, | : | |
| HARLEY G. LAPPIN, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM ORDER

### *Sua Sponte* Dismissing the Petition for Habeas Corpus

On January 12, 2007, the petitioner filed a motion for habeas corpus under 28 U.S.C. § 2241 against Attorney General Alberto Gonzales and Director of the Federal Bureau of Prisons Harley Lappin. The petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Oakdale, Louisiana.

District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a); *see also Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1237 (D.C. Cir. 2004). In other words, this court lacks jurisdiction to "'entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988) (quoting *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986)). In this case, the petitioner is currently held by the warden at FCI Oakdale in Louisiana.

Writs of habeas corpus, moreover, must be directed to the petitioner's custodian (in this case, the warden at FCI Oakdale). *See Guerra v. Meese*, 786 F.2d 414 at 416 (rejecting the

argument that the Parole Commission, while responsible for appellees' continued detention, was their custodian for purposes of habeas corpus); *Connally v. Reno*, 896 F. Supp. 32, 34 (D.D.C. 1995) (rejecting a habeas corpus action brought against Attorney General and the Director of Bureau of Prisons rather than petitioner's warden) (quoting *Ledher v. Thornburgh*, 733 F. Supp. 454-55 (D.D.C. 1990) (stating that "[t]he custodian is the person having day-to-day control over the prisoner.")). Because this court does not have personal jurisdiction over the warden of a federal institution in Louisiana, it cannot not consider this motion.[1]

Accordingly, it is this 30th day of April, 2007, hereby

**ORDERED** that the petition for a writ of habeas corpus is **DENIED without prejudice** to its being re-filed against the warden of the FCI in Oakdale, Louisiana in the United States District Court for the Western District of Louisiana, and it is

**FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to the petitioner at this address of record.

This is a final appealable order. *See* FED. R. APP. P. 4(a).

**SO ORDERED**.

                                                                                     RICARDO M. URBINA
                                                                                     United States District Judge

---

[1] The court notes that, if the petition for habeas corpus had been brought against the proper defendant, namely, the warden at the Federal Correctional Institution in Oakdale, Lousiana, the court could have transferred it to the United States District Court for the Western District of Louisiana for consideration in its proper venue.