DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA
( Caption Pursuant to Mookini v. U.S. 201 )
( Article III Court of Law )

**RECEIVED**

MAY 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kelvin Love
    <u>Petitioner</u>,

v.

J.P. Young, A.K.A., J.P. YOUNG, WARDEN
Alberto Gonzales, A.K.A. ALBERTO GONZALES
Attorney General for the United States
of America, and
Harley G. Lappin, A.K.A. HARLEY G. LAPPIN
Director of the Federal Bureau of
Prisons

       Respondent

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No.:<u>1:07CV00068</u> Rmu

Honorable Judge:
<u>Ricardo A. Urbina</u>

<u>Motion to Reconsider</u>

COMES NOW, I, <u>KELVIN LOVE</u>, pro per, requesting that this
Honorable Court reconsider its **sua sponte** ruling for the following
reasons:

This Petitioner is not requesting a federal district court to
review a judgement issued from another federal district court. This
Petitioner is requesting the Article II District Court of the United
States to declare, "Civil Justice," obtained judgement of a state
court, operating out of a federal district, void, for the lack of
both personal and <u>**Subject Matter Jurisdiction.**</u> While personal
jurisdiction can be waived, by exploitation of ignorance, the due
process of the law required to obtain and maintain subject matter
jurisdiction is not waiveable. The plain manifest constitutional
error of the Petitioners motion will demonstrate didn't just result
in a voidable judgement, but a judgement that was always void from
its (ab initio).

(PAGE 1 OF 5)

A judgement is void when it is beyond a court's power to render and a "State" Court's power to act and must be ousted when it runs afoul of the due process guarantees of the Constitution. When a "precinct" or "State" Court for District of Columbia chooses to proceed, in these circumstances, its actiona are not merely erroneous, but beyond its power, void and subject to collaterial attack.

It is the duty of the federal court to determine the matter sua sponte. Atlas Life Insurance Co. v. W.I. Southern Inc., 306 U.S. 563, 59 S.Ct. 657, 83 c.ed. 987 (1939); Continential Mining and Milling Co. v. Migliaccio, 16 F.E.D. 217 (D.C. Utah 1954). Therefore, lack of jurisdiction cannot be waived and jursidiction cannot be conferred upon a federal court by consent, inaction or stipulation. California v. Larue, 401 U.S. 109 , 93 S.Ct, 309, 34 L.Ed. 2d 342 (1972) Natta v. Hogan, 392 F.2d 686 (10th Cir. 1968); Reconstruction Finance Corp. v. Riverview State Bank, 217 F.2d. 455 (10th Cir. 1955)" [Bosso v. Utah Power & Light Co. 495 F.2d 906, 910 10th Cir. 1974] When it clearly appears that the Court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction. [Melo v. U.S., 505 F.2d 1026 (8th Cir. 1974)].

No judgement of a court is due process of law, if rendered without jurisdiction in the Court, or without notice to the party. Scott v. McNeal, 154 U.S. 34, 46, 38 S.L.Ed. 896, 901, 14 Sup.Ct.Rep.1108. No State can, by any tribunal or representative, render nugatory of the supreme law. And if the conclusiveness of a judgement of decree in a court of one state is questioned in a court of another government, federal or state, it is open, under proper averments, to

inquire whether the court rendering the decree of judgement had
jurisdiction to render it. [Old Wayne Mutual Assoc. v. McDonough,
204 U.S. 8, 27 S.Ct. 236 (1907)]

Were there is no jurisidiction over subject matter, there is,
as well, discretion to ignore that lack of jurisdiction. See F.R.
Civ. P. 12 (h)(3), supra note 1." [Joyce v. U.S., 474 F.2d 215
(3rd Cir. 1973)].

Generally, a plaintiff's allegations of jurisdiction are
sufficient, but when they are questioned, as in this case, the
burden is on the plaintiff to prove jurisdiction. McNutt v.
General Motors Acceptance Corp., 1936, 298 U.S. 178, 80 L.Ed 1135,
56 S.Ct. 780; Welsh v. American Surety Co., 186 F.2d 16 (5th Cir.
1951) 5C. Wright & A. Miller, Supra § 1363 at 673."
[ Rosenmond v. Lambert, 469 F.2d 416 (5th Cir. 1972) ]

Thus this court has issued show cause recently in a case just
as the Petitioner's, challenging subject matter jurisdiction. See
Benito Martinez Inmate No. 21207-051, Court of the Honorable Judge
James Robertson. Also, the UNITED STATES District Court, wherein
the cause herein complained of, arose, is shown to be an executive
tribunal, without Article III judicial authority. This assertion
is supported by consulting Supreme Court Rule 45, the Revised
Statutes of 1878, the Judiciary Act of March 3rd, 1911, Executive
Order 6166, **Balzac v. Puerto Rico** (1922) and Mookini v. UNITED
STATES, (1938), thus, not authorized to entertain the cause now
before the court. This court appears to be trying to move the
cause to a court which the court knows lacks the authority under

Article III to entertain the matter, thereby the sustainment of an unlawful conviction and term of imprisonment via subterfuge and non-compliance with the law, ( A Malcum i se Crime? ) whereby the accused/Petitioner is deprived a remedy in law to redress a grievance.

It is the foregoing, and the following reasons that the Petitioner has brought his instant cause under the common-law writ of HABEAS CORPUS, and invoked the venue and jurisdiction of an Article III, Constitutional Court.

It is therefore incumbent upon this court, in the interest of justice, by and through this Judicial Notice, [ provide to the Court with original filing of § 2241 ], as a neutral party between both Petitioner and Respondents, upon its own motion to order this matter to remain in the UNITED STATES District Court, of the District of Columbia, and that the court is presumed to possess Superior Knowledge of the law, thus the court would be deemed to know the facts and the law presented and the proceeding before the Court Record that Kelvin Love, is in violation of his Constitutional **Rights** where the Court compelled to provide a remedy in law for relief from such unlawful custody.

## CERTIFICATE OF SERVICE

I, the Petitioner, most humbly prays this Honorable Court, will do the correct thing and issue an Order of Void Judgement in this cause, and release Petitioner from UNLAWFUL CUSTODY WITHIN THREE (3) days from the date of service of this Motion to Reconsider.

**EXECUTED ON THIS _24_ DAY OF MAY, 2007**

**Respectfully Submitted**

**Kelvin Love**
**Reg. No.: 09677-035**
**F.C.I.**
**P.O. BOX 5000**
**Oakdale, LA 71463-5000**